In re Brian O. GODETTE, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 433283).

No. 07–BG–623.

District of Columbia Court of Appeals.

Argued Sept. 24, 2008.
Decided Oct. 23, 2008.

Judith Hetherton, Senior Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, was on the brief, for the Office of Bar Counsel.*

Before GLICKMAN, KRAMER, and FISHER, Associate Judges.

FISHER, Associate Judge:

This matter comes before us for a second time following a remand to the Board on Professional Responsibility ("Board"). We previously affirmed the Board's finding that respondent Godette violated Rules 8.1(b) (failure to respond reasonably to lawful demand for information from a disciplinary authority) and 8.4(d) (serious interference with the administration of justice) of the Rules of Professional Conduct and D.C. Bar R. XI, § 2(b)(3) (failure to comply with an order of the Board). *In re Godette*, 919 A.2d 1157 (D.C.2007) (*Godette I*). Disagreeing with the Board's assessment, however, "we conclude[d] that there was substantial evidence to support a finding, by clear and convincing evidence, that as a part of his extended and consistent

* Respondent Godette did not file a brief or present oral argument.

refusal to cooperate in any way in the disciplinary process, Godette, *inter alia*, deliberately avoided service of process." *Id.* at 1166. We "remand[ed] to the Board so that on the basis of a factual predicate consistent with [our] opinion, it may reconsider whether, as a further condition of reinstatement, Godette should be required to prove his fitness to practice law." *Id.* at 1159.

On remand, the Board purported to follow the court's instructions. Having considered the record anew, however, it did "not find in this matter any evidence that Respondent avoided service of process *by deceiving the process server or in any way mistreating him.*" (Emphasis added.) The Board framed the question before it as "whether Respondent's evading service of process, in the manner he has been found to have done so, raises the evidence in this matter to the level of 'clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law,'" and reached the "conclusion . . . that it does not." The Board applied the *Cater*[1] standard and found that Godette had not "'repeatedly evince[d] indifference (or worse) toward our disciplinary procedures.'" *See Cater,* 887 A.2d at 25. It speculated that Godette's failure to respond and his evasion of service were more likely motivated by "[h]opelessness and perhaps despair," rather than indifference.

Because its doubt about Godette's fitness to practice law was not "sufficiently serious . . . to erect a roadblock to his ever practicing law again,"[2] the Board recommended the same disciplinary measures as before—"that Godette be suspended from practice for thirty days and that, before resuming the practice of law, he be required to show (1) that he has made a response to the underlying ethical complaint against him, and (2) that he has taken six hours of Continuing Legal Education (CLE) courses in ethics and professional responsibility." *Godette I,* 919 A.2d at 1158–59. Additionally, however, "[l]argely due to the length of time that has passed since Bar Counsel's investigation began," the Board recommended that Godette be required to respond to the underlying complaint and complete the CLE courses within ninety days, failing which "[his] reinstatement [would] thereafter be conditioned upon a showing of his fitness to resume the practice of law."[3] Bar Counsel has again taken exception to the Board's refusal to recommend that we impose an immediate fitness requirement. With some misgivings, we accept the Board's recommendation.

Bar Counsel argues that the Board has "again invented hypothetical excuses" for Godette's refusal to cooperate with the authorities, "despite th[is] Court's admonition that it should not do so." He claims that the Board's decision does not rest on a "firm factual foundation," and that the

---

**1.** *See In re Cater,* 887 A.2d 1, 24 (D.C.2005) ("[T]o justify conditioning the reinstatement of a suspended attorney on proof of rehabilitation, 'the record in the disciplinary proceeding must contain clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law.'").

**2.** The Board exaggerates the effect of a fitness requirement; although it is true that demonstrating one's fitness to resume the practice of law can be difficult and time-consuming, it does not preclude an attorney who is qualified to do so from "ever practicing law again."

**3.** Three members of the Board dissented from the recommendation, opining that "the order of remand requires the Board to add a fitness requirement to Respondent's sanction," and that the majority therefore had exceeded its authority by failing to impose the requirement.

Board majority "misinterprets or ignores substantial evidence of record." He also cites several cases in which we imposed a fitness requirement although the Board had not recommended that we do so. *See In re Pennington*, 921 A.2d 135 (D.C. 2007); *In re Steinberg*, 864 A.2d 120 (D.C. 2004); *In re Hager*, 812 A.2d 904 (D.C. 2002); *In re Chisholm*, 679 A.2d 495 (D.C. 1996). Without saying so directly, Bar Counsel implies that we should have imposed a fitness requirement in *Godette I* rather than remanding to the Board.

Nevertheless, we chose to remand because "we owe deference to a recommendation by the Board that is based on a firm factual foundation," and it is proper that the Board "recommend an appropriate sanction in the first instance." *Godette I*, 919 A.2d at 1167. Bar Counsel's arguments have a great deal of force, however. There is no doubt that the Board followed our instructions grudgingly. The excuses it posits for Godette's failure to respond are merely hypothetical and unsupported by any input from Godette himself. However, it is useful to recognize, as the Board did, that there is a spectrum of conduct that constitutes evading service of process. Perhaps Godette's failure to answer the door is not as egregious as "deceiving the process server or in any way mistreating him." Most significantly, the Board has significantly modified its recommendation to include a "time limit on Respondent's exercise of the right to end the suspension by responding to Bar Counsel's letters."[4] Under the circumstances, we are not prepared to say that the Board's revised recommendation "would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(h)(1).[5]

Accordingly, respondent Godette is hereby suspended from the practice of law in the District of Columbia for thirty days, with reinstatement conditioned upon demonstrating that he has fully responded to the underlying ethical complaint, as directed by the Board on Professional Responsibility, and has completed six hours of CLE courses in ethics and professional responsibility. However, if Godette fails to fulfill both these conditions within ninety days from the date of this opinion, then from and after that date he shall be eligible for reinstatement to the Bar of this court only

---

4. The Board notes that it added this additional limitation because "almost six years have passed since Bar Counsel initiated the investigation in this matter," and that this protracted delay, "taken together with the other record evidence, raises some doubt concerning Respondent's fitness to resume the practice of law." "If Respondent, after the Court has ruled, were to continue his refusal to respond to the request in Bar Counsel's letters, allowing that refusal to continue indefinitely without a fitness requirement for reinstatement ... would ... seriously threaten[ ] ... public harm."

5. We do not doubt our authority to impose a fitness requirement despite the Board's recommendation to the contrary. However, the cases cited by Bar Counsel are sufficiently distinguishable that we do not feel obliged to follow his recommendation here. *See, e.g., In re Pennington*, 921 A.2d 135 (D.C.2007) (a reciprocal disciplinary proceeding where Maryland had disbarred the attorney); *In re Hager*, 812 A.2d 904 (D.C.2002) (fitness requirement was a mechanism to achieve disgorgement of fee); *In re Chisholm*, 679 A.2d 495 (D.C.1996) (protracted neglect and extensive dishonesty).

*In re Steinberg*, 864 A.2d 120 (D.C.2004), like this case, involved an attorney's failure to cooperate in disciplinary proceedings. We based our decision to disregard the Board's recommendation largely on Steinberg's "disciplinary history" and his "repetition of [the] misconduct" for which he had been sanctioned in a previous case. *Id.* at 122. Unlike Steinberg, Godette does not have a history of prior discipline.

upon making the additional showing of his fitness to resume the practice of law.[6]

*So ordered.*

---

**6.** In reaching this decision, we do not consider evidence of relatively recent events, sum-

---

marized in Bar Counsel's brief, that was not presented to the Board.